Feb. 1807.
___
BOND
v.
KIBBE.

## SOLOMON BOND *against* ELISHA KIBBE and SAMUEL ALLEN.

Before caution can be entered with the town-clerk, upon land conveyed by deed not acknowledged; the grantee must have *required* the grantor, and the grantor must have *refused* to acknowledge the deed. Caution having been duly entered, after such demand and refusal, the deed though unacknowledged, may be given in evidence in an action of ejectment.

THIS was an action of ejectment.

*Kibbe*, one of the defendants, died pending the suit, and before this term. On the trial, *Allen*, the surviving defendant, admitted himself to be in possession; and the only question was that of title.

*Daggett* and *H. Terry*, for the plaintiff.

*Terry* and *S. Terry*, for the defendant.

The plaintiff claimed under *Kibbe*, the deceased defendant; and, to prove title, offered in evidence a deed from *Kibbe*, dated *March* 24, 1804, but which was not *acknowledged*, nor *recorded*.

The defendants' counsel objected to the admission of this instrument in evidence, on the ground that it conveyed no title.

The plaintiff's counsel then produced a copy of a *caveat* from the town records, duly certified by the town clerk, dated *April* 4, 1804, by which the plaintiff cautioned all persons not to purchase the land in question, as he claimed it by virtue of a deed from *Kibbe*, not acknowledged. This *caveat* being read to the court,

The counsel for the defendant still objected to this deed's going to the jury, on the following grounds:

1. That in order to render the caution effective, *Kibbe*, the grantor, must, before such caution was entered, have been required, by *Bond*, the grantee, to acknowledge the deed, and the grantor must have refused to acknowledge it. But no such *demand* and *refusal* having been proved, the deed rests on no better ground, as evidence of title, than it would, if no *caveat* had been entered.

2. If such demand and refusal had been proved, still the deed would not be evidence in *an action of ejectment.* The object of caution is merely to lay a foundation for *equitable* process, to compel the grantor or his heirs, to acknowledge the deed. The decree of the court ordering such acknowledgment to be made, being upon the town records, where the land lies, the title of the grantee would be completed, though the grantor should persist in refusing to acknowledge the deed.

3. If the deed, with the aid of caution duly entered, may be used as evidence of title in actions at law, yet it can be so used in actions between the grantor and grantee *only;* and therefore cannot be given in evidence, in this case, against the defendant, *Allen,* who was not a party to the deed.

BY THE COURT. The statute, which provides that *caution* may be entered, authorizes such proceeding only in cases where the grantor has been *required,* by the grantee, to acknowledge the deed, and the grantor has *refused.* In order, therefore, that *caution* may have any effect upon this deed, such demand and refusal must first be proved. That being done, the "caution shall secure the interest of the grantee until a legal trial hath

passed unto a final issue according to law."(a) The *legal trial* here spoken of must mean a *trial at law* upon the title; and therefore the deed may go to the jury in an action of *ejectment.* As to the question whether the deed may be given in evidence in this action, *against Allen,* the court are of opinion, that the caution having been duly entered, the interest in the grantee is secured; and consequently, the deed is good against a stranger.

The counsel for the plaintiff then offered to prove to the court, that *Kibbe,* the grantor, had said, that he would not acknowledge the deed.

To this evidence the defendants' counsel objected; because there must be an actual refusal upon demand made. *Kibbe* might have altered his determination, upon being required by *Bond* to acknowledge the deed.

BY THE COURT. The evidence offered is inadmissible. There must be proof that *Bond* required *Kibbe* to acknowledge the deed, and that *Kibbe,* upon being so required, refused to acknowledge it.

No such proof being offered, the court ordered the case to be called; and the plaintiff thereupon was

Nonsuited.

(a) *Vide* " An act concerning town clerk's office and duty," *par.* 4. p. 417. edit. 1796.